*Judgment for the State.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.

---

STATE OF MAINE *vs.* DUNCAN BENNETT.

York. Opinion February 3, 1887.

*Indictment. Lobster law. Stat. 1885, c. 275, § 21.*

An indictment that avers that the defendant "did have in his possession" certain lobsters, without averring that he did not liberate them alive, charges no offense, and is bad on demurrer.

ON exceptions.

Indictment under the lobster law. The exceptions were to the ruling of the court in overruling a demurrer to the indictment.

*Frank M. Higgins,* county attorney, for the state.

*Hamilton and Haley,* for the defendant, cited: *Smith* v. *Moore,* 6 Maine, 274; *Com.* v. *Maxwell,* 2 Pick. 138; *Com.* v. *Hart,* 11 Cush. 130; *State* v. *Smith,* 61 Maine, 388.

HASKELL, J. The statute 1885, c. 275, § 21, provides that "it is unlawful to . . . catch, . . . or possess," certain female and short lobsters, "and such lobsters, when caught, shall be liberated alive, . . under a penalty of one dollar for each lobster so caught . . or in possession, not so liberated."

The penalty is for not liberating alive certain lobsters caught, or in possession, or in other words for destroying them.

The indictment avers that the defendant "did have in his possession" certain female and short lobsters. All this might be true, and yet no offense be committed, because the defendant might just then have taken the lobsters from the sea mixed

promiscuously with large lobsters, having an intention of liberating alive the lobsters described in the indictment as soon as he could do so.

> *Exceptions sustained. Demurrer*
> *sustained. Indictment quashed.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.